IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| RICHARD M. CALDERWOOD, | ) | CIVIL NO. 07-00520 DAE-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER TO FILE SUPPLEMENTAL |
| | ) | ANSWER |
| FRANK LUNA, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

ORDER TO FILE SUPPLEMENTAL ANSWER

Respondents filed an Answer to *pro se* Petitioner Richard Calderwood's Amended Petition under 28 U.S.C. § 2254 for writ of habeas corpus, on December 27, 2007.  For the reasons set forth below, Respondents' Answer does not adequately comply with Rule 5 of the Rules Governing Section 2254 cases.  Respondents are HEREBY ORDERED, pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, to file a supplemental Answer to the Amended Petition **on or before February 18, 2008.**  Calderwood may file an optional Reply to Respondents' supplemental Answer **on or before March 3, 2008**.

**PROCEDURAL HISTORY**

On October 15, 2007, Calderwood, a Hawai`i prisoner incarcerated at Red Rock Correctional Facility("RRCF") in Eloy, Arizona, filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus ("Petition").

On October 30, 2007, the court dismissed the Petition with leave to amend. The court granted Calderwood up to and including November 21, 2007, within which to file an amended petition.

On November 19, 2007, Calderwood filed an Amended Petition. The Amended Petition names Frank Luna, warden of Red Rock Correctional Facility, and Howard Kimura, Department of Public Safety of Hawai`i, as Respondents to the Petition. Calderwood challenges the mandatory minimum term of his sentence imposed by the Hawai`i Paroling Authority on September 28, 2004.

On November 28, 2007, the court ordered Respondents to file an Answer to Calderwood's Amended Petition on or before December 27, 2007. As ordered, Respondents filed an Answer on December 27, 2007.

Respondents' Answer, however, does not adequately comply with Rule 5 of the Rules Governing Section 2254 cases. Respondents failed to attach all relevant transcript portions, briefs on appeal or in post-conviction proceedings, opinions, or dispositive orders relating to the hearing resetting his mandatory minimum term sentence as exhibits to the Answer as required by Rule 5, 28 U.S.C. foll. § 2254. Respondents also failed to adequately address relevant procedural issues including the statute of limitation and equitable tolling as applied to Calderwood's claims.

**DISCUSSION**

Respondents state that Calderwood timely filed his Petition. The court, however, is at a loss as to how Respondents determined the timeliness of Calderwood's Petition.

Based on the dates provided in Respondents' Answer, Calderwood's claims appear barred by the statute of limitations. Calderwood's claims are governed by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1).[1] Under the statute, a one-year limitation period applies to applications for writs of habeas corpus, subject to certain tolling conditions. See 28 U.S.C. § 2244(d)(2); Duncan v. Walker, 533 U.S. 167, 181-82

---

[1] Under 28 U.S.C. § 2244(d)(1), a one-year period of limitation governs an application for writ of habeas corpus by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of–

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2001) (limiting statutory tolling under 2244(d)(2) to state, not federal petitions); Corjasso v. Ayers, 278 F.3d 874, 877-79 (9th Cir. 2002) (holding that, on a showing of extraordinary circumstances, equitable tolling may apply to part or all of a federal petition); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Under certain conditions the statute of limitation may be equitably tolled. Pace v. DiGuglielmo, 544 U.S. 408, 417-18 (2005); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. "[T]he threshold necessary to trigger equitable tolling under [the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")], is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted). Equitable tolling determinations are "highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v. Mueller, 304

F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts").

As Calderwood challenges the mandatory minimum term of his sentence imposed by the Hawai`i Paroling Authority on September 28, 2004, the statute of limitations accrued on September 29, 2004.

Respondents are HEREBY ORDERED, pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, to file a supplemental Answer to the Amended Petition **on or before February 18, 2008.**  Respondents' supplemental Answer should **specifically address** the statute of limitations as applied to Calderwood's claims, as well as the merits raised by the Amended Petition **if necessary**.  Respondents are NOTIFIED, however, that the supplemental Answer must be in compliance with Local Rule LR7.5, and **may not exceed the specified pages or words** without prior permission from the court, upon good cause shown.  Calderwood may file an optional Reply to Respondents' supplemental Answer **on or before March 3, 2008.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, January 24, 2008.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

Calderwood v. Luna, et al., Civ. No. 07-520 DAE; ORDER TO FILE SUPPLEMENT ANSWER; hmg\OSC 08\Calderwood 07-520 (ord supp ans)