```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

RICHARD M. CALDERWOOD,        )    CIVIL NO. 07-00520 DAE-LEK
                              )
          Petitioner,         )
                              )
     vs.                      )    FINDINGS AND RECOMMENDATION
                              )    TO DISMISS AMENDED PETITION
FRANK LUNA, et al.,           )
                              )
          Respondents.        )
_____ )
```

FINDINGS AND RECOMMENDATION TO DISMISS AMENDED PETITION

On October 15, 2007, pro se Petitioner Richard Calderwood, a Hawaii prisoner incarcerated at Red Rock Correctional Facility("RRCF") in Eloy, Arizona, filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus ("Petition").

On October 30, 2007, the court dismissed the Petition with leave to amend. Docket No. 5. The court granted Calderwood up to and including November 21, 2007, within which to file an amended petition.

On November 19, 2007, Calderwood filed an Amended Petition. Docket No. 7. The Amended Petition names Frank Luna, warden of Red Rock Correctional Facility, and Howard Kimura, Department of Public Safety of Hawaii, as Respondents to the Petition. Calderwood challenges the mandatory minimum term of his sentence imposed by the Hawaii Paroling Authority ("HPA") in September 2004.

On November 28, 2007, the court ordered Respondents to

file an Answer to Calderwood's Amended Petition on or before December 27, 2007. Docket No. 8. As ordered, Respondents filed an Answer to the Amended Petition on December 27, 2007. Docket No. 11.

Respondents' Answer, however, did not adequately comply with Rule 5 of the Rules Governing Section 2254 cases. Respondents failed to attach all relevant transcript portions, briefs on appeal or in post-conviction proceedings, opinions, or dispositive orders relating to the hearing resetting his mandatory minimum term sentence as exhibits to the Answer as required by Rule 5, 28 U.S.C. foll. § 2254. Respondents also failed to adequately address relevant procedural issues including the statute of limitation and equitable tolling as applied to Calderwood's claims. The court, therefore, ordered Respondents to file a Supplemental Answer to the Amended Petition on or before February 18, 2008. Docket No. 12. As ordered, Respondents filed a Supplemental Answer on February 18, 2008. Docket No. 15.

After careful consideration of the Amended Petition, Answer, Reply, and the entire record before the court, the court finds that Grounds One, Two, and Three are barred by the statute of limitations. The court recommends that Calderwood's Amended Petition be DISMISSED with prejudice.

**BACKGROUND**

On November 8, 1993, the Circuit Court of the Second Circuit State of Hawaii ("circuit court"), indicted Calderwood on one count of Murder in the Second Degree in violation of Hawaii Revised Statute ("Haw. Rev. Stat.") § 707-701.5. On May 18, 1994, a jury found Calderwood guilty. On or about July 27, 1994, the circuit court sentenced Calderwood to life imprisonment with the possibility of parole.

On August 26, 1994, Calderwood directly appealed his state court criminal conviction. On September 10, 1996, the Intermediate Court of Appeals of Hawaii ("ICA") affirmed Calderwood's conviction. Calderwood's writ of certiorari to the Hawaii Supreme Court was denied.

On December 27, 1994, while Calderwood's appeal was pending, the HPA set Calderwood's minimum term of imprisonment at thirty-five years. On September 24, 2004, after Calderwood's appeal had been adjudicated, the HPA held a second sentencing hearing. On September 24, 2004, the HPA affirmed the thirty-five year minimum term of imprisonment. See Ans. at 2.

On May 9, 2005, Calderwood filed a petition for post-conviction relief pursuant to Rule 40 of the Hawaii Rules of Penal Procedure. See Supp. Ans. at App. E. Calderwood set forth three grounds for relief including that: (1) the HPA violated his due process rights when it set his minimum term of imprisonment

3

at thirty-five years; (2) the HPA violated several statutes, administrative rules, and HPA guidelines when it set his minimum term of imprisonment; and (3) Governor Lingle violated his due process rights when she failed to respond to his letters regarding the HPA. On July 26, 2005, the circuit court denied the Rule 40 petition holding that Calderwood's claims were patently frivolous and without a trace of support in the record. See Id. at App. E.

On August 10, 2005 Calderwood filed a Notice of Appeal. On August 25, 2006, the ICA affirmed the circuit court through a Summary Disposition Order. See Id. at App F, G, & H. The ICA entered Judgment on appeal on September 14, 2006.

On November 6, 2006, Calderwood filed a petition for writ of certiorari with the Hawaii Supreme Court. See Id. at App. J. On December 1, 2006, the Hawaii Supreme Court denied Calderwood's petition for writ of certiorari. See Ans. at App. D.

On October 15, 2007, Petitioner initiated the instant habeas action, raising three grounds for relief:

- A. Ground One: "Violation of Due Process[.] The first time I saw the Parole Board, they set my minimum [ ] sentence at 35 years because of my appeal, and once it was final they said to let them know so I can see them for a new minimum. (Pet. at 6.)

- B. Ground Two: "Violation of [m]y Due Process Rights[.] I saw the board again in Sep. of 2004, for reset[t]ing of my minimum. Once again my minimum was set at 35 years under a level 3

> guideline. I wrote Mr. Tufono and Mr. Johnson
> answered stating that he see [sic] no rule or law
> violation." (Pet. at 7.)

C. Ground Three: "Violation of Due Process[.] I wrote
to Governor Linda Lingel [sic] my grevance [sic]
of HRS plocies [sic] regarding the Parole
Board[']s wrong doings, not following the
Guidelines, and I got no response from her
office." (Pet. at 9.)

**LEGAL STANDARD**

Section 2244 provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Under certain conditions the statute of limitation may

5

be equitably tolled.  Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  To qualify for equitable tolling, the petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace, 544 U.S. at ---, 125 S. Ct. at 1814.  "[T]he threshold necessary to trigger equitable tolling under [the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")], is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).  This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims."  Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted).  Equitable tolling determinations are "highly fact-dependent."  Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts").

## DISCUSSION

Respondent argues that Calderwood's claims are barred by the statute of limitations.  This court agrees.  The one-year statute of limitations under § 2244(d)(1), began to run on

6

Calderwood's claims no later than September 24, 2004, the date on which the HPA affirmed Calderwood's thirty-five year minimum term of imprisonment.  See 28 U.S.C. § 2244(d)(1)(D).

The statute of limitations ran from September 24, 2004, up to and including May 8, 2005, the day before Calderwood filed his Rule 40 Petition with the circuit court.  As of May 8, 2005, the statute of limitations had run for 222 consecutive days.  The statute of limitations then tolled between May 9, 2005 and December 1, 2006, the date on which the Hawaii Supreme Court denied Calderwood's petition for writ of certiorari of his Rule 40 Petition.

The statute of limitations began to run again on December 2, 2006.  As of December 2, 2006, 143 days remained until the one-year limitations period expired.  Calderwood, however, did not initiate the instant action until October 15, 2007, more than 143 days from December 2, 2006.  Calderwood's Amended Petition is, therefore, barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d)(1), unless he is entitled to statutory or equitable tolling.

First, as discussed above, the court finds that Calderwood is not entitled to statutory tolling under § 2244(d).  Second, the Petition does not raise a newly recognized constitutional right that is retroactively applicable to cases on collateral review.  See 28 U.S.C. § 2244(d)(1)(c).  Finally,

Calderwood does not raise newly discovered evidence as the basis for this habeas petition. See 28 U.S.C. § 2244(d)(1)(D).

In his Reply, Calderwood appears to seek relief from the statute of limitations based on a state-created impediment. Section 2244(d)(1)(B), provides that the statute of limitations "shall run from the . . . date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed[.]" Calderwood states that in September 2006 he was transferred from Diamondback Correctional Facility in Oklahoma to RRCF in Arizona. Calderwood argues that upon arriving at RCCF, he had no access to a prison law library until June 1, 2007, thereby preventing him from filing his federal habeas petition. See Reply at 3. In Gaston v. Palmer, 417 F.3d 1030, 1035 (9th Cir. 2005), the Ninth Circuit Court of Appeals articulated that allegedly insufficient accessibility of state prison law library facilities does not constitute a state-created impediment to filing an application for federal habeas relief. Thus, lack of law library access was not a state-created impediment to Calderwood's filing a timely federal petition under 28 U.S.C. § 2244(d)(1)(B).[1]

In addition, Calderwood argues that extraordinary circumstances existed to justify equitable tolling. For a court

---

[1] An assertion that the statute of limitation was delayed by a state-created impediment requires a showing of a due process violation. Lott v. Mueller, 304 F.3d 918, 925 (9th Cir. 2002).

8

to find equitable tolling, extraordinary circumstances beyond a prisoner's control must be present, making it impossible to file petition on time. Palmer, 417 F.3d at 1034. Calderwood bears the burden of showing that equitable tolling is appropriate. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.2002). Here, Calderwood attempts to show a causal connection between his law library access and his inability to file a timely federal habeas petition. Restricted law library access, however, does not constitute extraordinary circumstances sufficient to equitably toll the statute of limitations. Thammavong v. Sisto, No. 1:06 CV 01836, slip op. at 4 (E.D. Cal. March 10, 2008) (quoting Atkins v. Harris, 1999 WL 13719, *2 (N.D. Cal. January 7, 1999)). Calderwood proffers no other argument to demonstrate that extraordinary circumstances existed.

Accordingly, this Court finds that Calderwood is not entitled to equitable or statutory tolling of the statute and recommends that his Amended Petition be dismissed with prejudice as time-barred.

## CONCLUSION

Based on the foregoing, this court FINDS that Calderwood's claims are time-barred and RECOMMENDS that his Amended Petition be dismissed with prejudice.[2]

---

[2] As the court finds that Calderwood's claims are barred by the statute of limitations, the court will not address the merits of Calderwood's claims.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, March 17, 2008.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

Calderwood v. Luna, et al., Civ. No. 07-520 DAE; FINDINGS AND
RECOMMENDATION TO DISMISS AMENDED PETITION; hmg\Habeas
08\Calderwood 07-520 DAE (F&R dsm SOL)