IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| RICHARD M. CALDERWOOD, | ) | CV. NO. 07-00520 DAE-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FRANK LUNA, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

ORDER ADOPTING MAGISTRATE'S FINDINGS AND
RECOMMENDATION TO DISMISS AMENDED PETITION AND DENYING
PETITIONER'S OBJECTIONS

       Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Petitioner's objections to the Magistrate's findings and recommendations, and the supporting and opposing memoranda, the Court ADOPTS the Magistrate's Findings and Recommendation to Dismiss Petition And DENIES Petitioner's Objections.

BACKGROUND

       On March 17, 2008, Magistrate Judge Kobayashi issued a findings and recommendation to dismiss Petitioner's Amended Petition. (Doc. #19). Specifically, Judge Kobayashi recommended that Petitioner's Amended Petition be

dismissed with prejudice because Grounds One, Two, and Three were time-barred by the statue of limitations.

On April 18, 2008, Petitioner filed objections to the findings and recommendation. (Doc. #25). Petitioner argues that the statute of limitations had not run because he qualifies for equitable tolling. Petitioner states that he was not informed that he needed to file his petition within a year, he was given bad legal advice from a lawyer in New Mexico, and he had no access to a law library, a jailhouse lawyer, or legal counsel at Red Rock Correctional Facility ("Red Rock") in Eloy, Arizona. For these reasons, Petitioner argues he qualifies for equitable tolling, and therefore, this petition is not time-barred.

On April 23, 2008, the Court ordered Respondent to file a reply to Petitioner's objection (Doc. #23), which Respondent did on May 6, 2008. Respondent argues that Petitioner failed to diligently pursue his rights and no extraordinary circumstance stood in his way of filing in a timely fashion. Therefore, Respondent states that Petitioner is not entitled to equitable tolling.

## STANDARD OF REVIEW

Any party may serve and file written objections to proposed findings and recommendations. See 28 U.S.C. § 636(b). Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's dispositive order, findings, or

recommendations, the district court must make a <u>de novo</u> determination. A <u>de novo</u> review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered." <u>U.S. Pac. Builders v. Mitsui Trust & Banking Co.</u>, 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.' The court also may receive further evidence or recommit the matter to the magistrate with instructions." <u>McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); LR 74.2.

When a petitioner appears pro se, the court has an obligation to construe the petition liberally. <u>See</u> <u>Bernhardt v. Los Angeles County</u>, 339 F.3d 920, 925 (9th Cir. 2003); <u>Jackson v. Carey</u>, 353 F.3d 750, 757 (9th Cir. 2003) (same).

## DISCUSSION

Petitioner asserts he had no knowledge of the one-year statue of limitations pertaining to a habeas petition and an attorney in New Mexico informed him that a habeas petition had no statute of limitations. Petitioner further asserts that he had no law library access at Red Rock until June 1, 2007, nor access to

3

"jailhouse lawyers" that could inform him of his legal rights, and for these reasons, Petitioner argues he is entitled to equitable tolling and is not time-barred from filing the petition.

In order to qualify for equitable tolling under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") of the one-year statute of limitations, Petitioner must establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Petitioner fails to establish he pursued his rights diligently. Petitioner's suggested proof of diligence has a lapse of activity from December 1, 2006, to October 15, 2007. (Objection at ¶¶ 38, 40.) Furthermore, to the extent his lack of diligence was based on an alleged denial of access to a law library, it is undisputed that Petitioner had access as of June 1, 2007. Thus, Petitioner could have filed a petition soon after his June access. Therefore, based on a de novo review, this Court finds that Petitioner has failed to satisfy the first element needed to qualify for equitable tolling because he did not diligently pursue his rights.

Petitioner relies heavily on Roy v. Lambert, 465 F.3d 964 (9th Cir. 2006), believing that the situation in that case is "uncannily" similar to his. However, the Roy case is distinguishable from Petitioner's situation. While the

petitioners in Roy filed their habeas petitions after the statute of limitations had passed, the court found they were diligently pursuing their rights. The petitioners had filed pending actions regarding the inadequacy of the law library at the prison they were transferred to. Id. The court found that "the fact that Roy timely filed a lawsuit alleging deficiencies in the Arizona facility is evidence of his diligence in trying to secure his rights." Id. at 971.

Petitioner's situation differs greatly from the petitioners in Roy because as set forth above, he has provided no evidence that he attempted to gain relief from the alleged lack of library access at Red Rock and as discussed below, he in fact had access to a library. Therefore, Petitioner's argument that his situation is similar to the petitioners in Roy is meritless.

Petitioner also fails to prove there was some extraordinary circumstance that stood in his way of timely filing. Petitioner asserts that bad legal advice from a New Mexico attorney led him to believe a habeas petition had no time restriction, constituting an extraordinary circumstance. However, inaccurate legal advice is not considered an extraordinary circumstance. See Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); Frye v. Hickman, 273

F.3d 1144, 1146 (9th Cir. 2001). Petitioner's claim as to his ignorance of the one-year statute also does not constitute an extraordinary circumstance that prevents him from making a timely filing. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).

Petitioner also asserts that no law library access at Red Rock constitutes an extraordinary circumstance that stood in his way of timely filing. Respondent offers overwhelming contradictory evidence in declarations by Deanna Espinas, the head of the library services program of the Department of Public Safety, and Bruce Stolc, the current warden at Red Rock. Red Rock had two law libraries specifically for Hawai`i inmates as of December 2006, as well as two Hawai`i inmates assigned to help the Red Rock law librarian run these two law libraries. (Espinas Decl. at 3.) One library could be visited without submitting a prior request to do so, the other library where inmates on disciplinary and administrative segregation were housed needed submitted requests to be used. (Id.) These libraries were open every day from 7 a.m. to 8:30 p.m. (Id.) While there was some information not available at either law library, the Red Rock law

6

librarian could obtain the information from another law library in another unit, another CCA facility, or ask the head of library services for the information. (Id. at 4.) In February 2007, three computer kiosks were installed at the law library to allow Hawai`i inmates to do legal research to address questions and concerns of Hawai`i inmates. (Id. at 7.) There is no record of Petitioner submitting any questions, complaints, or concerns regarding Red Rock law libraries or requesting legal assistance. (Id. at 8.) On or about September 16, 2006, to December 4, 2007, Petitioner was free to go to the law library in his module, the J module, whenever it was open, and only needed to sign the sign-in sheet at the law library. (Stolc Decl. at 1.) According to Red Rock's records, Petitioner never visited the J unit law library. (Id. at 3.) Simply, Petitioner's failure to take advantage of the law library differs greatly from his claim of no law library access. Therefore, based on a de novo review, this Court finds no evidence that Petitioner was faced with extraordinary circumstances in attempting to file a timely petition. Thus, Petitioner is not entitled to equitable tolling of the statute of limitations.

## CONCLUSION

For the reasons stated above, the Court ADOPTS Magistrate Judge Kobayashi's Findings and Recommendation to Dismiss Amended Petition and DENIES Petitioner's objections.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 6, 2008.



_____
David Alan Ezra
United States District Judge

Richard M. Calderwood v. Frank Luna et al., CV No. 07-00520; ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATION TO DISMISS PETITION AND DENYING PETITIONER'S OBJECTIONS